IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

                Plaintiff,

  v.                                         OPINION and ORDER

STATE OF WISCONSIN,
CITY OF MAUSTON, and                  23-cv-286-wmc[1]
UNKNOWN,

                Defendants.

---

Pro se plaintiff Joseph Zloza challenges the suspension of his driver's license. As in Zloza's other cases filed in this court this year, he is proceeding in forma pauperis, which requires me to screen the complaint under 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that this lawsuit must be dismissed.

ANALYSIS

Zloza contends that about 8 or 9 years ago, his license was suspended twice for speeding, and he was fined "for being dead or in a coma," and he does not know by whom. Dkt. 1 at 2. He indicates that he is suing under federal law but not what relief he wants.

He cannot proceed on these vague allegations for two reasons. First, there is no suable defendant. In this type of lawsuit, liability "is premised on the wrongdoer's personal

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). So, there must be enough information to identify the individual plaintiff believes violated his constitutional rights and to serve that individual with the complaint. But here, Zloza simply describes this person as unknown.

Zloza cannot proceed against the State of Wisconsin or the City of Mauston either. Zloza's allegations do not implicate any city policy or custom that violated his constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) (municipalities may be held liable for violations of civil rights if they have adopted a policy or custom that violated the plaintiff's constitutional rights). And the state is generally immune from a suit for monetary damages under 42 U.S.C. § 1983. *Joseph v. Bd. of Regents of the Univ. of Wis. Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005).

Second, Zloza has not stated a federal claim. I understand him to contend that his license was wrongfully suspended nearly a decade ago, but the suspension of a state driver's license does not implicate any substantive due process right. *Bennett v. Petig*, No. 09-C-895, 2011 WL 4585549, at *4 (E.D. Wis. Sept. 30, 2011). Wrongful suspension of a driver's license would be an unpredictable deprivation that may raise procedural due process concerns. *See, e.g.*, *Carpenter v. White*, 721 F. App'x 553, 554 (7th Cir. 2018). But Zloza does not challenge the process by which his license was suspended or suggest that he had no adequate opportunity to contest its suspension. *See Parratt v. Taylor*, 451 U.S. 527, 540–41 (1981) (distinguishing between due process claims based upon established state procedures and random, unauthorized acts); *see also Carpenter*, 721 F. App'x at 554 (a state employee's violation of procedure is not an injury that that the state is able to foresee and prevent through pre-deprivation process, so

adequate post-deprivation remedies are all that is constitutionally required in such circumstances).

Rather, Zloza admits to speeding, which is a valid reason to fine a driver, and to apply demerit points to a driver's license and suspend it. *See* Wis. Stat. § 346.57 (speed restrictions); Wis. Admin. Code § Trans 101.02 (point schedule, including for different speed-related violations). Although Zloza suggests that he should not have been held responsible for speeding, this court cannot review or undo these underlying traffic violations. *See Ritter v. Ross*, 992 F.2d 750, 753–54 (7th Cir. 1993) (the *Rooker-Feldman* doctrine precludes federal court review of a state court judgment recast as a civil rights action under § 1983); *see also Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 507 (7th Cir. 2017) (*Rooker-Feldman* applied to § 1983 court claims of motorists who were stopped and later convicted of traffic violations and who sued local and state officials, alleging that defendants engaged in a conspiracy to deprive them of their constitutional rights). Because Zloza has not stated a claim he can proceed on in this court, I will dismiss this lawsuit without prejudice to him pursuing any available remedies in state court if he can identify a proper defendant.

Finally, I note that Zloza has filed ten lawsuits in this court since the beginning of the year, and I have dismissed the initial complaint in each of the seven cases I have screened so far.[2] In one dismissal order, I warned Zloza that he may face sanctions for abusive and threatening language in his submissions. *See Zloza v. Seibert*, No. 23-cv-58-wmc, Dkt. 14 at 3. And while I have allowed Zloza to amend his complaint in certain cases, at this point Zloza also is well aware of the limitations on this court's jurisdiction, and that he may not proceed

---

[2] In addition to this case, see case nos. 23-cv-58-wmc, 23-cv-59-wmc, 23-cv-140-wmc, 23-cv-190-wmc, 23-cv-221-wmc, and 23-cv-352-wmc.

on conclusory allegations or against unidentified or immune defendants. Therefore, going forward, the court will summarily dismiss any new proposed pleading that has these problems without allowing Zloza an opportunity to amend. If Zloza continues to file deficient complaints, the court may also impose sanctions, including a filing bar.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.
2. The clerk of court is directed to close this case.

Entered 12 June, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge